## ADDISON v. SUJETTE.

1. RES JUDICATA—COSTS—DISBURSEMENTS—DAMAGES—ATTACHMENT BOND.—Whether the cost of feeding and caring for horses held by the sheriff under attachment is an item of disbursements to be taxed as costs, or if expenses to be assessed as damage under attachment bond, is precluded in this case by a previous order sustaining the item as costs, and not appealed from.

2. COSTS—INTEREST.—No law authorizing interest to be charged on disbursements before taxed.

3. IBID.—DISBURSEMENTS—ATTACHMENT.—CLERK has jurisdiction to take testimony and find cost to sheriff of feeding and caring for horses held by him under attachment, when same is taxed as disbursements.

Before TOWNSEND, J., March, 1898.    Reversed.

Taxation of costs in Eldred S. Addison against R. C. Sujette. The following is the decree appealed from:

"This is a motion to modify, set aside and correct the taxation of costs as allowed by the clerk of this Court on February 24th, 1898, on certain exceptions filed thereto by plaintiff's counsel.

"The first exception, in relation to the jurisdiction of the clerk to determine the amount that should be allowed for maintaining the horses in question, is sustained, for the reason that the order of Judge Klugh directed him to take testimony, and nothing more.

"The second exception is sustained, the plaintiff having succeeded in the main action, or action proper, the defendant can tax no cost, hence that part of sec. 251 (Code), which is as follows: 'If the defendant recover judgment, the plaintiff will pay the costs that may be awarded to the defendant,' does not apply to this case, for the reason that the defendant, having failed in the main action, no costs can be awarded to him; but the words in said section, 'or the attachment be set aside by order of the Court, the plaintiff will pay all damages that he, the defendant, may sustain by reason of attachment,' do apply here because that is just what occurred, the attachment was set aside. Now, if the defendant has suffered any damages by reason of the attachment, the undertaking provided for in said section of the Code affords the remedy therefor.

"The third exception is sustained so far as it relates to the taxation of any costs or disbursements against the plaintiff, and it is not incumbent on me to decide in this proceeding whether the said undertaking is liable to the sheriff for his expenses or not.

"As to the fourth, fifth and sixth exceptions, it was useless to consider them after sustaining the first one, thought I do not hesitate to find that the said allowances are reasonable.

"The seventh exception is sustained.

"It is, therefore, ordered, adjudged and decreed, that the report of the clerk be set aside as to all matters therein con-

tained, except a bare statement of the testimony taken down at the reference."

. The defendant excepts on the following grounds:

"1. Because the costs as taxed by the clerk of the Court herein, and the costs of the sheriff for the feed and care of the horses which had been taken under the attachment proceedings, is properly chargeable to the plaintiff, and under the law should be taxed against him, and it was error in the Circuit Court Judge in not so deciding.

"2. Because the costs upon the attachment proceedings are separate and distinct from the costs upon the action, and the attachment having been vacated, the law allows the costs which had accrued thereon to be taxed against the attaching party, and it was, therefore, error in the presiding Judge in not so deciding.

"3. Because the attachment bond is given to secure any costs which may accrue to the defendant, and not to secure the officers of court for their costs incurred by the plaintiff. The costs of such officers against the plaintiff should be taxed as matter of right against him whenever it appears that he has been thrown in such cost; hence his Honor, the Circuit Judge, erred in holding that the undertaking given by the plaintiff to the defendant provides for the security of such costs of the officers of the Court, and that their remedy lay in an action upon such undertaking.

"4. Because all of the taxation of costs except the charge per diem for the feed and care of the horses, were passed upon by Judge Klugh, and his order in that respect is binding upon the plaintiff, and his Honor, Judge Townsend, had no jurisdiction to again pass upon such matters.

"5. Because the presiding Judge erred in sustaining the second exception of the plaintiff to the order of the clerk assessing the costs, which is as follows: 'Because the allowance that should be made for maintaining the horses mentioned in the testimony in this case cannot be taxed herein,

either as costs or as disbursements, and the clerk of court erred in making any ruling in regard thereto.'

"6. Because the presiding Judge erred in sustaining the third exception of the plaintiff to the order of the clerk assessing the costs, which is as follows : 'Because the plaintiff in this action is not liable for any costs or for any disbursements in the said cause, inasmuch as he obtained a verdict therein. If the plaintiff is liable at all for the cost of maintaining the horses mentioned in the proceedings herein, he can only be made liable in an action to be brought upon the bond which he gave in the attachment proceedings.'

"7. Because the presiding Judge erred in sustaining the seventh exception of the plaintiff to the order of the clerk assessing the costs, which is as follows : 'Because the clerk erred in allowing the interests, amounting to $42.92.' "

*Messrs. Croft & Tillman,* for appellants, cite: *Attachment costs follow result thereof:* 16 S. C., 619; Code, 251; 17 Ver., 101 ; 1 Neb., 124; 1 Pick., 159; 12 Ver., 142; 93 A. D., 333. *Judge on Circuit cannot disturb an order of his predecessor:* 39 S. C., 456.

*Messrs. Sheppard Bros., N. G. Evans* and *J. Wm. Thurmond,* contra. The former cite : *The expenses of caring for horses cannot be taxed as disbursements:* 16 S. C., 64.

March 28, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This is an appeal from an order of his Honor, Judge Townsend, in reference to the taxation of costs in this case by the clerk. For a proper understanding of the questions presented by this appeal, it will be necessary to state so much of the history of the various proceedings in the case as affect the questions involved. It seems that the action was for slander, and at the time of commencing this action, the plaintiff obtained an order for the arrest of the defendant, and also a writ of attachment.

Both of these orders were executed, and under the latter the sheriff seized a lot of horses and seems to have had them in his custody for the period of thirty-three days. Subsequently the order of arrest was set aside and the attachment was dissolved, and when the judgment of this Court to that effect was remitted to the Circuit Court, his Honor, Judge Benet, made an order, in which, after reciting the substance of the judgment of this Court, he directed the clerk to enter up judgment accordingly, "and for the costs and disbursements of the defendant upon such proceedings and appeal thereof (therefrom?);" and he further ordered that the sheriff do forthwith turn over to the defendant, or his attorney, the proceeds of the sale of the property which had been attached in this case. From this order there was no appeal. Soon thereafter the clerk proceeded to tax the costs as claimed by the defendant in an itemized bill set out in the "Case," amounting to the sum of $693.70, as there stated. Much the largest item contained in such bill was the sum of $538.84 as "board for forty-nine head of horses thirty-three days at 33 1-3 cents per day each;" and it also contained three items amounting in the whole to $45 as costs in the Supreme Court, and also the sum of $3.50 as a disbursement for a copy of the opinion of the Supreme Court. The clerk allowed the entire bill of costs as presented by defendant, giving as his reason for allowing 33 1-3 cents per day for the feed of the horses, the fact, as he supposed (erroneously, however,) that this Court, in the case of *Southern Railway Co.* v. *Sheppard,* 42 S. C., 543, more fully reported in 20 S. E. R., 481, had said that such an amount was a reasonable charge. The plaintiff excepted to the allowance of the costs of the defendant in the Supreme Court as well as to the disbursement for a copy of the opinion of the Supreme Court, and also to the charge of 33 1-3 cents per day for each horse. Upon these exceptions the case was heard by his Honor, Judge Klugh, who passed an order on the 1st day of November, 1897, sustaining the exceptions to the allowance of costs in the Supreme

Court as well as to the disbursement for a copy of the opinion of the Supreme Court; and the order then proceeded in these words: "It is further ordered, that the item for maintaining horses at the price of 33 1-3 cents a day be recommitted to the clerk to take testimony as to what would be a proper charge for maintaining said horses. The other items of the taxation are not excepted to, and stand confirmed." From this order of Judge Klugh the defendant appealed solely on the ground of error in reversing the action of the clerk in taxing costs for defendant's attorneys. This Court, on the 16th of February, 1898, rendered judgment affirming the judgment of Judge Klugh (see *Addison* v. *Sujette*, 51 S. C., 305). Soon thereafter the clerk proceeded to take testimony as to what would be a proper charge for maintaining the horses, and made an order in which, after stating the substance of the testimony, he adjudged that the amount should be the sum of $472.28— made up of the following items: "Paid to Jesse Coleman 25 cents per day for 49 horses, $125; 49 head of horses at 23 1-3 cents per day for 23 days, $262.96; 80 cents per day for hand hire for 23 days, $18.50; one horse for 23 days at $1, $23; interest on same for 15 months, $42.92— $472.28." To this adjudication of the clerk the plaintiff excepted upon the several grounds set out in the "Case." Upon these exceptions the case was heard by Judge Townsend, "when (as stated in the 'Case') all the foregoing papers were submitted to his Honor, the presiding Judge, as well as a large amount of testimony taken by the clerk." Thereupon the Circuit Judge rendered his decree, from which the defendant appeals upon the several exceptions set out in the record, a copy of which, together with a copy of Judge Townsend's decree, should be incorporated in the official report of this case.

We do not propose to consider the exceptions *seriatim,* but will consider the questions which we understand these exceptions to raise. The first and most important question is whether this item for the expense of maintaining the de-

fendant's horses while in the possession of the sheriff can properly be regarded as one of the disbursements of the defendant to be taxed as a part of his costs, or whether it should not more properly be regarded as one of the items of the damages secured by the undertaking which the plaintiff was required to enter into before obtaining the warrant of attachment, which, as will be seen by reference to sec. 251 of the Code, the plaintiff undertook, if the attachment should be set aside by order of the Court, not only to pay "all costs that may be awarded to the defendant," but also "all damage which he (the defendant) may sustain by reason of the attachment, not exceeding the sum specified in the undertaking." Now, as the attachment was set aside by the Court, it would seem (if this were an open question) that any amount which the defendant may have paid or may be liable to pay for the maintenance of his horses, while in the possession of the sheriff under what proved to be an illegal warrant of attachment, would properly constitute one of the items of the damage sustained by reason of the attachment. But is this an open question? The order of Judge Benet required the clerk to enter up judgment "for the costs and disbursements of the defendant upon such proceedings," meaning the order for the arrest of the defendant and the writ of attachment as is necessarily implied by the terms of the order. From this order there was no appeal, and no exception thereto was noted or taken. The clerk under that order proceeded to tax. the costs and disbursements, and amongst the latter he included the expenses of "Board for 49 head of horses 33 days at 33 1-3 cents per day each." While there were exceptions to other items in the bill of costs and disbursements as taxed by the clerk, there was no exception raising the point afterwards sought to be raised by the plaintiff, that the expense of feeding the horses while in the possession of the sheriff could not be taxed as a disbursement of the defendant, and the only point raised was as to *the amount* of the charge for feeding the horses, 33 1-3 cents per day for each horse. This is manifest from the

terms of the exceptions as stated in the "Case." "The plaintiff's attorneys excepted to the items allowing the costs of the defendant's attorneys upon the appeal of (to?) the Supreme Court, and also the items of $3.50 for the certified copy of the judgment of the Supreme Court, and also to the *per diem* of 33 1-3 cents per day for the feed of each horse." And it is also made more manifest by the terms of the order of Judge Klugh disposing of such exceptions, for he says: "That the items for maintaining horses, *at the price of 33 1-3 cents per day,* be recommitted to the clerk to take testimony as to what would be a proper charge for maintaining said horses." This was a plain recognition of the right to make the charge, and the only reason for recommitting the matter to the clerk was to ascertain *the proper amount* of the charge, as to which the clerk was directed to take testimony. For if Judge Klugh had supposed that the plaintiff's exceptions raised the point that *no* such charge could be included in the disbursements, he certainly would not have recommitted the matter to the clerk to take testimony "as to what would be a proper charge for maintaining said horses," as that would have been imposing upon the clerk and all parties concerned a wholly useless burden, if he had supposed that plaintiff's exceptions had made the point *that no such charge could* be included in defendant's disbursements, and that such point was well taken. It is quite certain, therefore, that Judge Klugh held, either that the point was not made by the exceptions, or that it was not well taken; and in either view, that is conclusive of the question; for, as we have seen above, there was no appeal from that portion of his order; and his conclusion, whether right or wrong, is the law of this case, and must be regarded as final so far as this point is concerned. Under this view, the fourth exception must be sustained. For a like reason all the other exceptions, except the seventh, must all be sustained, not because we approve the points of law therein made, but simply because such points have already been practically decided in this very case, and cannot now be raised again.

5—60

The seventh exception is overruled for the reason that we know of no law which authorizes the charge of interest in a case like this.

While there is no exception to the ruling of Judge Townsend, sustaining plaintiff's first exception to the clerk's taxation of costs, yet as the views there presented by the Circuit Judge may possibly be regarded as having some bearing upon the exceptions which were taken, it may not be amiss to say that we think the remarks of the Circuit Judge are based upon a misconception of the scope and effect of the order of Judge Klugh. He did not undertake to deprive the clerk of the right to perform the duty imposed upon him by statute, to determine, in the first instance, the amount which should be allowed for disbursements; but finding that the clerk had based his conclusion, as to what would be a proper charge for maintaining the horses, upon an erroneous assumption as to what this Court had said, in a case arising in another county, several years before, he very properly *recommitted* the matter to the clerk, with instructions to take testimony as to what would be a proper charge for maintaining the horses *in this case,* manifestly meaning that he should base his conclusion as to what would be a proper charge upon the testimony so taken; otherwise, he would not have "recommitted" that item in the taxation to. the clerk, but would have simply directed him to take the testimony *and report the same to the Court.* So that even if Judge Klugh had the power (which may be questioned) to require the clerk simply to take the testimony and report the same to the Court, he certainly did not undertake to exercise any such power.

The judgment of this Court is, that the order appealed from be reversed, except in so far as it sustains the exception to the charge of interest, and except in so far as it finds that the allowance for maintaining the horses are reasonable; and that the case be remanded to the Circuit Court, with instructions to carry into effect the views herein announced.

We desire to add, that in stating the amounts allowed, we have simply followed the statement as made in the "Case," but as it seems to us that there are some small arithmetical errors in such statement, the Circuit Court may instruct the clerk to correct such errors before entering the total amount of the costs and disbursements allowed in the judgment.